**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Jolley       }
Associates                 }
                                  }   Docket No. 118-8-01 Vtec
                                  }
                                  }

## Memorandum of Decision

Appellant Jolley Associates appealed a decision of the Zoning Board of Adjustment (ZBA) of the Town of Shelburne, issued after remand of the application to the ZBA after decision by the Vermont Supreme Court in In re Handy and In re Jolley Associates, 171 Vt. 336 (2000). Appellant-Applicant is represented by Howard J. Seaver, Esq.; and the Town of Shelburne is represented by Joseph S. McLean, Esq.

By agreement of the parties, the merits of this matter were bifurcated. After the Court heard evidence and ruled that the application was " validly brought and pursued in good faith" under the 1995 ordinance, an evidentiary hearing was held on the merits of the application. At the conclusion of the Appellant-Applicant' s case, the Town moved for judgment that the application should be denied, on three distinct issues. The Court heard a limited amount of additional evidence on the motion, as well as oral argument on the motion. At the request of and by agreement of the parties, the Court gave the attorneys an informal ruling on the motion off the record at the conclusion of the oral argument, to be followed by this written memorandum of decision.

Multiple uses (§ 820.21)

The Town moved for judgment on the basis that Appellant-Applicant had applied under § § 820.7, 820.9 and 820.16 for conditional use approval of the food service, retail store, and gasoline station uses proposed for the property, but had not also applied under § 820.21 (multiple uses). Moreover, the Town noted that § 1810.28 defines multiple uses as contained in a single structure, while in the present application only the retail and food service uses are contained in the building. While it is true that § 820.21 would require that the whole building be subject to conditional use approval even if only one of the uses contained in the building were a conditional use, that section has no added effect on the consideration of this application, since all three of the proposed uses were subject to conditional use review. In fact the project was considered as a whole by the ZBA and by this Court. Appellant-Applicant' s failure to cite § 820.21 in its application is not a fatal defect. The Town' s motion for judgment on this basis is DENIED.

One principal structure per lot (§ 1690.3)

The Town moved for judgment on the basis that § 1690.3 requires that " there shall be only one principal building or structure on a lot" except in PUD or PRD projects. This is not a PUD or

a PRD project, and the project proposes two buildings or structures: the building housing the restaurant and convenience store multiple uses, and the canopy over the gasoline pumps.

Appellant-Applicant argued that the canopy is merely an accessory structure to the convenience-store-with-gasoline-service use, which Appellant-Applicant asserts is housed in the building as its principal structure. It is understandable that Appellant-Applicant views its operations in this integrated fashion, consistently with how it runs its business. The categories for traffic analysis also reflect the modern trend for gas stations with convenience stores.

However, this Court is constrained to apply the particular regulations in the municipality in which the project is located, not some general concept of modern gasoline sales operations. The 1995 zoning regulations applicable to this case allow for multiple uses to occur on a lot, but not multiple principal structures. Moreover, the regulations do not distinguish between buildings and other structures, and therefore the canopy must be analyzed under this provision.

The canopy does not qualify as an accessory structure to the building housing the convenience store and restaurant. The canopy is neither incidental to nor subordinate to the principal use of the structure as a convenience store and restaurant. It is nearly as tall as the building and is 80 feet by 24 feet in size, comparable in area to the square footage of the building allocated to the convenience store use plus the payment counter at which the pumps are controlled and at which customers may pay for gas as well as convenience store purchases. The canopy has no relation to the restaurant portion of the building and no functional relationship to the convenience store portion of the building. Only the payment counter is related both to the convenience store use and to the gasoline sales use, but absent the convenience store it could be housed in a booth or small building incidental to the canopy. We must conclude from the design of this proposal that the canopy is the principal structure for the gasoline use, and that the building is the principal structure for the other two uses. The 1995 zoning regulations therefore prohibit both structures on the same lot, and the application with both structures must be denied.

This conclusion, however, does not require denial of the application with prejudice. Rather, under the regulations in this particular town, the application is denied without prejudice to Appellant-Applicant's proceeding with the project without the canopy. That is, Appellant-Applicant may choose whether to proceed with the project with gasoline service and its attendant lighting and fire suppression systems contained in a smaller housing over each pump island. The question of whether such a change by itself would require the ZBA to consider any aspects of the application anew was not raised by the parties and hence not addressed by the Court.

Potential adverse effect on 'bylaws in effect' (§ 1610.4)

The Town moved for judgment on the basis that Appellant-Applicant has not yet applied to the Planning Commission for site plan approval, nor did Appellant-Applicant present evidence that the site plan would meet the standards for approval, at least with regard to on-site circulation and parking for large trucks; with regard to the performance standards for glare from the lighting in the buildings itself; and with regard to the adequacy of landscaping and screening to mask the building as seen from the northerly approach, and to screen the light anticipated to be emitted from its glass block walls and its clear glass windows and doors. Evidence was presented

sufficient to suggest that the present proposal would adversely affect the bylaws in effect regarding site plan standards for on-site circulation, landscaping and screening, and regarding the glare anticipated to be emitted through the walls, windows and doors of the building.

Based on the evidence presented during Appellant-Applicant's case, the Court cannot make the positive finding that the application will not adversely affect 'all bylaws then in effect,' and the application for conditional use approval must therefore be denied. This conclusion, however, does not require denial of the application with prejudice. Rather, it may be denied without prejudice to Appellant-Applicant's submittal of its application for site plan approval to the planning commission. In connection with that application, Appellant-Applicant may wish to ask the ZBA under § 210.6 to extend the lot coverage or driveway coverage regulations applicable in the Industrial-Commercial zoning district up to 50 feet into the Residential-Commercial district.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's application is denied at the close of the applicant's case, without prejudice, on two grounds: first, that the proposal as designed consists of two principal buildings or structures on the lot in violation of § 1690.3; and second, that Appellant failed to show that the proposal would not adversely affect 'all bylaws in effect' (§ 1610.4), and in particular to show that site circulation will be adequate and that the lighting emanating through the windows and glass blocks of the building will not violate the performance standards for glare and will be adequately screened. This appeal is concluded and hereby closed on the docket, without prejudice to its being reopened upon motion filed within 45 days after any further decisions have issued from the Planning Commission and/or the ZBA on any further applications filed by this applicant for this project; in particular, any application to the Planning Commission for site plan approval and any application to the ZBA under § 210.6. The question of whether any additional design changes made to the project during such proceedings would require the ZBA to hold additional hearings on any aspects of the present application should be addressed to the zoning administrator or ZBA in the first instance.

Dated at Barre, Vermont, this 3rd day of May, 2002.

_____
Merideth Wright
Environmental Judge